PEOPLE v BROWN

Docket No. 98189. Submitted December 10, 1987, at Detroit. Decided September 8, 1988.

Kenneth Brown, following a bench trial in Recorder's Court of Detroit, Leonard Townsend, J., was convicted of attempted burning of a dwelling house and assault with intent to commit murder. Defendant was sentenced to forty to sixty months in prison on the attempted arson charge and six to fifteen years in prison on the assault conviction. While a sentencing information report was prepared on the attempted arson charge, no such report was prepared with respect to the assault. Defendant appealed, claiming that he is entitled to resentencing on the assault charge by reason of the failure to prepare a sentencing information report on the assault charge.

The Court of Appeals *held:*

A sentencing information report must be prepared for the conviction which carries the highest statutory maximum where an offender is sentenced for multiple convictions. The preparation of that report is mandatory. Defendant cannot waive preparation of that report and no other document can be substituted for a proper sentencing information report. Since the assault charge carried the higher statutory maximum sentence, the failure to prepare a sentencing information report with respect to that conviction mandated resentencing on that charge.

Remanded for resentencing.

KELLY, P.J., concurred in result only.

CRIMINAL LAW — SENTENCING — SENTENCING INFORMATION REPORT.

A sentencing information report must be prepared for the conviction which carries the highest statutory maximum where a single offender is sentenced for multiple convictions; since preparation of that report is mandatory, the defendant cannot waive the preparation of the report nor can preparation of any other document act as a substitute for the preparation of a sentencing information report.

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

See the Index to Annotations under Sentence and Punishment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Rafael M. Gonzalez, Jr.,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: KELLY, P.J., and MACKENZIE and P. D. SCHAEFER,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of attempted burning of a dwelling house, MCL 750.72; MSA 28.267 and MCL 750.92; MSA 28.287, and assault with intent to commit murder, MCL 750.83; MSA 28.278. He was sentenced to forty to sixty months in prison on the attempt conviction and six to fifteen years in prison on the assault conviction. Defendant appeals as of right his six-to-fifteen-year sentence for assault with intent to commit murder. We remand for resentencing and the completion of an SIR for defendant's assault conviction.

Defendant raises one issue on appeal. Defendant claims that he is entitled to resentencing since no Sentencing Information Report was prepared for the offense of assault with intent to commit murder. We agree.

During sentencing, the court referred to an SIR prepared for the charge of preparation to burn, believing it to be the SIR prepared for assault with intent to commit murder. Realizing that a three-to-six-month recommended minimum sentence was not appropriate for the assault conviction, the court stated: "It's got to be a mistake. At any rate,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I'm going to reject it." Defendant did not object. The court went on to render its sentence in the matter.

Initially we note that it is unclear whether an SIR was prepared for the assault charge. The record does not contain a copy. A "Sentencing Guidelines A.O.I. Report" was prepared and is contained in the file. The report, purportedly used only in the Recorder's Court, includes a score for each offense variable and a recommended sentence of 72 to 120 months. An SIR and A.O.I. report were prepared for both the attempted arson and preparation to burn offenses. The court sentenced defendant to six to fifteen years in prison on the assault with intent to murder conviction.

We find that it was error for an SIR not to have been prepared for the assault conviction. An SIR is required to be prepared for the conviction which carries the highest sentence, here, the assault conviction. *People v Dowdy,* 148 Mich App 517; 384 NW2d 820 (1986). Pursuant to Administrative Order No. 1984-1 of the Michigan Supreme Court, use of the Sentencing Guidelines Manual by the circuit court judges when imposing sentence was made mandatory for a period of one year, effective March 1, 1984. 418 Mich lxxx (1984). This period was later extended indefinitely. Administrative Order No. 1985-2, 420 Mich lxii (1985). Due to the mandatory nature of the guidelines' use, we do not believe that defendant has waived the error by failing to object at sentencing.

We cannot equate the A.O.I. report with the SIR. Our research shows that the issue has not been previously addressed. However, the A.O.I. report is an internal report of the Recorder's Court, has not been approved by the Supreme Court, and is not forwarded to the Corrections Department after sentencing. Further, the record does not show that

the trial judge was aware of the A.O.I. report or used it in imposing sentence.

Accordingly, defendant's six-to-fifteen-year sentence for his assault conviction is vacated. The matter is remanded for resentencing. An SIR must be completed for the assault conviction prior to defendant's resentencing.

KELLY, P.J., concurs in the result only.