PEOPLE v KENNEBREW

Docket Nos. 158699, 158700. Submitted October 1, 1996, at Grand Rapids. Decided December 27, 1996, at 9:00 A.M. Leave to appeal sought.

Milton L. Kennebrew pleaded guilty in the Kent Circuit Court, Dennis C. Kolenda, J., of possession of less than twenty-five grams of a mixture containing cocaine and unarmed robbery in exchange for the dismissal of other pending charges. While awaiting sentencing, he committed another offense and was charged in the Kent Circuit Court with breaking and entering an occupied building with the intent to commit a larceny and being a fourth-offense habitual offender. The defendant moved to withdraw his earlier pleas. Following hearings and at the start of the jury trial for the breaking and entering charge before Judge Kolenda, the court orally denied the motion to withdraw the pleas. A jury then convicted the defendant of entering without breaking, and another jury convicted him of being a fourth-offense habitual offender. Judge Kolenda sentenced the defendant to a term of ten to twenty-five years for the habitual offender conviction, to be served consecutively to a term of ten to fifteen years for the unarmed robbery conviction, which in turn is to be served consecutively to a term of 1½ to 4 years for the conviction of possession of cocaine. The defendant appealed from the convictions of possession of cocaine and unarmed robbery (Docket No. 158700) and entering without breaking and being an habitual offender (Docket No. 158699). The appeals were consolidated.

The Court of Appeals held:

1. The defendant failed to satisfy his burden of persuasion to establish a fair and just reason for the withdrawal of his pleas. The trial court did not abuse its discretion in denying the motion to withdraw the pleas.

2. There is no prerequisite that there be a sentence for a previous conviction in order for evidence of that conviction to be used to attack the credibility of a witness under MRE 609(a). Because the trial court had already orally resolved the motion to withdraw the pleas, there was no error in the court's ruling in the jury trial that the plea of guilty of unarmed robbery was a conviction for purposes of MRE 609(a).

3. The defendant was not denied a fair trial because of alleged improper comments by the prosecutor. The defendant did not preserve for appellate review allegations of instructional error during the trial regarding the habitual offender charge. In any event, no error occurred.

4. The consecutive nature of the sentences does not render them disproportionate. The defendant did not support his allegation that the court imposed consecutive sentences in retaliation for his attempt to withdraw his pleas. The individual sentences were proportionate.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS.

There is no absolute right to withdraw a guilty plea after it has been accepted by the trial court; the trial court may allow the plea to be withdrawn where the defendant establishes a fair and just reason for withdrawal of the plea and the prosecution fails to establish that substantial prejudice would arise from the withdrawal (MCR 6.310[B]).

2. EVIDENCE — CREDIBILITY OF WITNESSES — PREVIOUS CONVICTIONS.

A sentence is not an element of a conviction, but rather a declaration of its consequences; there is no prerequisite that the defendant be sentenced for a previous conviction in order for evidence of that conviction to be used to attack the credibility of a witness under MRE 609(a).

3. MOTIONS AND ORDERS — ORAL DENIAL OF MOTIONS.

A trial court's oral denial of a motion to withdraw pleas of guilty has the same weight and effect as a written order.

4. CRIMINAL LAW — APPEAL — IMPROPER PROSECUTORIAL REMARKS.

Alleged improper prosecutorial remarks are reviewed within the context of the trial; an otherwise improper remark may be found not to rise to the level of error requiring reversal where the prosecutor was responding to argument by defense counsel.

5. SENTENCES — PROPORTIONALITY.

The proportionality of consecutive sentences must be determined by examining each sentence separately, not by adding the sentences together to make the determination on a cumulative basis.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

State Appellate Defender (by *Amy Neville*), for the defendant on appeal.

Before: FITZGERALD, P.J., and O'CONNELL and T. L. LUDINGTON,* JJ.

PER CURIAM. In Docket Number 158700, defendant pleaded guilty of possession of less than twenty-five grams of a mixture containing cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), and unarmed robbery, MCL 750.530; MSA 28.798. In Docket Number 158699, defendant was convicted by a jury of entering without breaking, MCL 750.111; MSA 28.306, and of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. The trial court sentenced defendant to a prison term of ten to twenty-five years for the habitual offender conviction, to be served consecutively to a ten- to fifteen-year term for the unarmed robbery conviction, which in turn is to be served consecutively to a 1½- to 4-year term for the possession conviction. Defendant appeals as of right and his appeals have been consolidated. We affirm.

In June 1991, defendant was arrested and charged with possession of less than twenty-five grams of cocaine and with being an habitual offender, third offense, MCL 769.12; MSA 28.1084. In July 1991, defendant was charged with armed robbery, MCL 750.529; MSA 28.797, unarmed robbery, and being an habitual offender, third offense, after assaulting a driver and stealing his automobile. In October 1991, defendant pleaded guilty with regard to the posses-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sion and unarmed robbery charges in exchange for a dismissal of the other pending charges.

While awaiting sentencing for these pleas, defendant and a cohort entered an apartment in Grand Rapids and took various pieces of personal property from the residence. Subsequently, defendant and his brother returned to the apartment to take more items. While transporting these goods to the home of their mother, defendant and his brother dropped the stolen property and ran from the scene when they realized that they were being tracked by the police. The police tracked defendant to his mother's home and arrested him in January 1992. Defendant was charged with breaking and entering an occupied building with the intent to commit a larceny, MCL 750.110; MSA 28.305, and being an habitual offender, fourth offense.

At the sentencing hearing for his earlier plea-based convictions, defendant moved to withdraw the pleas. In February and March 1992, the trial court held two evidentiary hearings regarding defendant's motion. At the completion of these hearings, the trial court took the matter under advisement. At the start of the trial for the breaking and entering charge, the trial court orally denied defendant's motion. The trial court memorialized that decision with an order in late May 1992 and a written opinion in July 1992.

In April 1992, a jury convicted defendant of entering without breaking. In May 1992, another jury convicted defendant of being an habitual offender, fourth offense. Defendant was sentenced in July 1992.

I

Defendant raises two issues pertaining to his guilty pleas. First, defendant claims that the trial court

erred in denying his motion to withdraw his pleas because they were based upon coercion and an unfulfilled promise of leniency. Because defendant preserved this issue by moving to withdraw his guilty pleas before sentencing, we must determine whether the trial court abused its discretion in denying defendant's motion. *People v Spencer*, 192 Mich App 146, 150; 480 NW2d 308 (1991).

There is no absolute right to withdraw a guilty plea after a trial court has accepted it. *People v Gomer*, 206 Mich App 55, 56; 520 NW2d 360 (1994). MCR 6.310(B) provides, in pertinent part:

> On the defendant's motion or with the defendant's consent, the court in the interest of justice may permit an accepted plea to be withdrawn before sentence is imposed unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea.

Thus, the defendant has the burden "to establish a fair and just reason for withdrawal of the plea." *People v Jackson*, 203 Mich App 607, 611; 513 NW2d 206 (1994). If the defendant is able to satisfy this burden, the prosecution must then establish that substantial prejudice would arise from the withdrawal. *Id.* at 611-612. On the other hand, if the defendant fails to satisfy this burden, the trial court does not abuse its discretion in denying the motion. *Gomer, supra* at 59.

Our review of the record shows that defendant's claim that his pleas were the result of an unfulfilled promise of leniency is no more than an unsupported assertion. The only promise made at the plea hearing was the dismissal of the other pending charges in exchange for the pleas, and defendant acknowledged that this was the complete agreement without any

other promises. Defendant failed to introduce any evidence to the contrary during the two-day evidentiary hearing. Similarly, defendant failed to sustain his burden of establishing that he had been coerced into making the pleas or was innocent of the crimes. At best, the record shows that defendant introduced contradictory evidence that he may not have been the person who stole the vehicle, but the record is devoid of any evidence that defendant had been coerced. Because defendant failed to satisfy his burden of persuasion, the burden never shifted to the prosecution to show prejudice. *Jackson, supra.* Accordingly, we conclude that the trial court did not abuse its discretion in denying defendant's motion.

Alternatively, defendant contends that the trial court erred in ruling that his plea of guilty of unarmed robbery was a "conviction" within the meaning of that term as it is used in MRE 609 because he had not been sentenced with regard to the plea at the time of trial. In pertinent part, MRE 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been *convicted* of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross examination . . . . [Emphasis added.]

It is well settled that a sentence is not an element of a conviction, but rather a declaration of its consequences. *People v Funk*, 321 Mich 617; 33 NW2d 95 (1948); *People v Bettistea (After Remand)*, 181 Mich App 194, 199; 448 NW2d 781 (1989). There is no prerequisite that there be a sentence for a previous conviction in order to properly use such conviction under MRE 609.

Still, defendant argues that his motion to withdraw his pleas rendered his pleas infirm until such time that the trial court issued an order denying the motion. However, at the time evidence of the convictions was admitted, the trial court had orally denied the motion. The trial court's oral denial of the motion to withdraw the pleas effectively resolved the matter because such a ruling has the same weight and effect as a written order. *McClure v H K Porter Co, Inc*, 174 Mich App 499, 503; 436 NW2d 677 (1988). Consequently, we find no abuse of discretion in the admission of evidence of the convictions on the grounds presented.

II

Defendant next challenges the conduct of his two trials below. First, he argues that prosecutorial misconduct during the trial for breaking and entering denied him a fair trial. For allegations of prosecutorial misconduct, we examine the pertinent portion of the record below and evaluate the prosecution's conduct to determine whether it denied the defendant a fair trial. *People v Legrone*, 205 Mich App 77, 82; 517 NW2d 270 (1994).

During rebuttal, the prosecutor commented that defense attorneys often attack the thoroughness of the police investigation as a ploy to convert the case to one against the police. Defendant asserts that this remark was an attempt to personally attack the credibility of his trial counsel and to mislead the jury. A prosecutor cannot personally attack the defendant's trial attorney because this type of attack can infringe upon the defendant's presumption of innocence. *People v Moore*, 189 Mich App 315, 322; 472 NW2d 1

(1991). By looking at the prosecutor's remark in the abstract, it can be interpreted as a general attack on a class of lawyers of which defendant's counsel is a member. Thus, in this light, the prosecutor's remark could have infringed upon defendant's right to a fair trial.

Nevertheless, we do not review the prosecutor's remarks in such a vacuum; the remarks must be read in context. *People v Lawton*, 196 Mich App 341, 353; 492 NW2d 810 (1992). This scope of review is important because an otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument. *People v Simon*, 174 Mich App 649, 655; 436 NW2d 695 (1989). Such is the case here. During his closing argument, defendant's attorney argued that the police conducted a sloppy investigation followed by an incomplete interview of defendant. The prosecutor's comment was no more than a response to this argument. Our review of the prosecutor's entire rebuttal argument shows that after making the initial comment, the prosecutor summed up the evidence to establish that the police conducted a thorough investigation. Consequently, we find that defendant was not denied a fair trial by the prosecutor's comment.

Defendant also argues that instructional error during the trial for the supplemental charge infringed upon his right to a fair trial. However, defendant did not object to the jury instructions in question and thus failed to preserve this issue. *People v Watkins*, 209 Mich App 1, 4; 530 NW2d 111 (1995). Because we find no error, let alone plain error, review of this issue has been forfeited. *People v Grant*, 445 Mich 535, 551-552; 520 NW2d 123 (1994).

III

Last, defendant challenges the sentences handed down for his drug possession, unarmed robbery, and entering without breaking convictions. Precisely, defendant argues that the consecutive nature, for an aggregate of 21½ years, renders his sentences disproportionate.

In Michigan, a defendant's sentence must be proportionate to the seriousness of the crime and the defendant's prior criminal history. *People v Milbourn*, 435 Mich 630, 635-636, 654; 461 NW2d 1 (1990). To ensure proportionality, our Supreme Court promulgated sentencing guidelines and made their use mandatory. *People v Brown*, 171 Mich App 401, 403; 429 NW2d 667 (1988). As a general rule, a sentence that falls within the guidelines' range is presumed to be neither excessive nor disparate. *People v Albert*, 207 Mich App 73, 75; 523 NW2d 825 (1994). In situations where the defendant is sentenced to consecutive terms of incarceration, we evaluate the proportionality of the individual sentences in the abstract and not the cumulative effect of the sentences. *People v Hardy*, 212 Mich App 318, 320; 537 NW2d 267 (1995).[1]

Yet, defendant first argues that this methodology of reviewing consecutive sentences is improper because *People v Warner*, 190 Mich App 734; 476 NW2d 660 (1991), the case that originated the rule, was wrongly decided. Specifically, defendant asserts that the panel in *Warner* came to this improper conclusion when it

---

[1] Judge FITZGERALD continues to adhere to his position that the cumulative effect of the sentences should be considered in determining whether the sentences are proportionate. See, e.g., *People v Hadley*, 199 Mich App 96, 105-106; 501 NW2d 219 (1993).

failed to consider the effect of *People v Chambers*, 430 Mich 217; 421 NW2d 903 (1988), and *People v Rushlow*, 437 Mich 149; 468 NW2d 487 (1991), on the proportionality of consecutive sentences.

However, defendant's reliance upon *Chambers* and *Rushlow* is misplaced. First, *Chambers* stands for the proposition that only the last judge in multiple sentencing situations has the discretion to impose consecutive sentences. *Chambers, supra* at 230. In contrast, our Supreme Court noted that the *Chambers* last-in-time rule has no applicability in situations where the same judge at the same sentencing hearing has an opportunity to sentence a defendant to consecutive sentences for multiple crimes. *People v Morris*, 450 Mich 316, 335, n 17; 537 NW2d 842 (1995). Because there is no dispute that the sentencing in the case at hand falls within the latter situation and not the former, we need not apply the *Chambers* rule to the case at hand. In *Rushlow*, our Supreme Court merely affirmed this Court's ability to use disciplinary credits in its calculation to determine whether a defendant can serve a sentence within the defendant's lifetime. *Rushlow, supra* at 156. Defendant never raised this issue, so we need not make such a determination.

Last, defendant argues that the trial court improperly imposed consecutive sentences as punishment for his attempt to withdraw his guilty pleas. Once more, defendant's proffered authority for resentencing pursuant to this ground is misplaced. In *People v Sickles*, 162 Mich App 344, 365; 412 NW2d 734 (1987), the defendant alleged sentencing error on the ground that a change on a disposition form for a second plea showed that the trial court increased the defendant's

sentence in retaliation for the defendant's withdrawing his first plea. This Court disagreed and stated:

> Unless there is something in the record which indicates the higher sentence was imposed as a penalty for the accused's assertion of his right to trial by jury, the sentence imposed will be sustained. Nothing in the record indicates who placed the x in the initial sentencing form, why it was placed there, or who crossed it out. *In the absence of something in the record, we will not presume retaliation.* [*Id.* Citation omitted and emphasis added.]

Defendant provides us with no evidence from the record to support his assertion of retaliation. Therefore, we will not make such a presumption. Correspondingly, we need only determine whether each of the individual sentences imposed below is proportionate.

First, the trial court scored defendant at level II-D for his conviction of possession of less than twenty-five grams of cocaine and sentenced defendant to 1½-years' incarceration for this conviction. The guidelines recommend a minimum sentence in the range of six to thirty months. Because this sentence falls within the guidelines' range, it is presumed proportionate. *Albert, supra* at 75. Consequently, defendant's sentence is proportionate because he failed to provide us with any reason to justify a downward departure. *People v Clark*, 207 Mich App 500, 502; 526 NW2d 357 (1994).

Second, the trial court scored defendant at level III-D for the unarmed robbery conviction and sentenced defendant to ten years. The guidelines recommend a minimum sentence in the range of 48 to 120 months. Again, this sentence is presumed proportionate because it falls within the guidelines' range. *Albert,*

*supra.* Consequently, defendant's sentence is proportionate because he again failed to provide us with any reason to justify a downward departure. *Clark, supra.*

Last, defendant was sentenced for being an habitual offender, fourth offense. The guidelines do not apply to the appellate review of sentences for an habitual offender. *People v Gatewood,* 450 Mich 1025 (1996). Thus, we will review the sentence to determine if it is proportionate to the offense and to the offender. *Milbourn, supra.*

Defendant was convicted of being an habitual offender, fourth offense, and entry without breaking. The statutory maximum for the underlying conviction of entry without breaking is five years. MCL 750.111; MSA 28.306. As a result, defendant is liable for a sentence of life or any term of years. MCL 769.12(1)(a); MSA 28.1084(1)(a). To justify its ten-year sentence, the trial court stated:

> There isn't any prospect for rehabilitation. In other words, I feel I have got to act to protect the community from you for these reasons. By my count, [defendant], this is your sixth felony conviction, which by definition means you haven't learned anything from the prior ones. You have been in prison before, and obviously that doesn't hold any fear because if it did you wouldn't have done these particular things. You committed the robbery while on bond for the cocaine charge. My thought on it is a person on bond if they want to obey the law are going to do their darndest to obey the law because a guy like me in a black robe is going to confront them one of these days. The last thing they want to do is have to admit to the judge that they did something while they were on bond, but it happened.
>
> *       *       *
>
> In short, [defendant], you are going to continue to commit crimes, they're going to be serious ones. This robbery

was serious. This entry without breaking is very serious, and what I have got to do is see to it that if you keep doing the things that get you in trouble and they're going to keep happening, they're at least in an environment which doesn't hurt the rest of this community, especially when I add into the fact that you have got some prior convictions for some very serious offenses. I can't preserve and protect the safety of this community by showing leniency to you.

All these considerations are proper sentencing considerations. *People v Cervantes*, 448 Mich 620, 628; 532 NW2d 831 (1995). Correspondingly, the trial court did not abuse its discretion in setting defendant's minimum sentence at ten years.

Affirmed.