# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY HOLT,

        Defendant-Appellant.

UNPUBLISHED
March 15, 2016

No.  324268
Wayne Circuit Court
LC No.  14-004742-FH

Before:  K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of breaking and entering with the intent to commit larceny, MCL 750.110.  The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 3-1/2 to 20 years' imprisonment.  We affirm.

A jury convicted defendant of breaking and entering the Detroit home of his neighbor, Ieshia Reynolds, with the intent to commit larceny, on April 5, 2014.  The prosecution presented evidence that Reynolds purchased the home and had begun moving items onto the property before April 5, although she had not completely moved in.  On April 5, as Reynolds returned to the house, she observed defendant in her garage, which she had secured before leaving; he was placing items into her child's old playpen.  Reynolds confronted defendant, who responded by stating that he was taking "his stuff."  Reynolds cautioned defendant to leave her property, and defendant dragged the playpen of items, which included a microwave oven and wicker shelves, to his house.  Because Reynolds was new to the neighborhood, afraid, and thought it might be a misunderstanding, she did not initially report the April 5 incident to the police.  She later contacted the police on April 18, after she returned home and found that numerous items had been removed from inside her house.  The defense theory at trial was that defendant did not intend to commit larceny because he had permission from the previous homeowner to enter the garage and take certain items.

Defendant first argues that he was denied the effective assistance of counsel.  We disagree.  To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court.  *People v Heft*, 299 Mich

App 69, 80; 829 NW2d 266 (2012). Defendant never moved for a new trial or a *Ginther*[1] hearing in the trial court. Defendant filed a motion for a *Ginther* hearing with this Court, which was denied for failure to persuade the Court of a necessity for a remand.[2] When an ineffective assistance of counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *Id.*

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. It is presumed that trial counsel used effective trial strategy, and a defendant has a heavy burden to overcome this presumption. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Specifically, defendant asserts that defense counsel was ineffective for failing to request a jury instruction on the necessarily included lesser offense of breaking and entering without permission, particularly where the defense did not contest that defendant was in Reynolds's garage on April 5. Breaking and entering without permission is a necessarily included lesser offense of breaking and entering with intent to commit larceny; the distinguishing element differentiating the greater offense from the lesser offense is the intent to commit a larceny. *People v Cornell*, 466 Mich 335, 360-361; 646 NW2d 127 (2002). Defendant has not, however, overcome the presumption that defense counsel employed reasonable trial strategy in not requesting the instruction. At trial, defense counsel vigorously argued that defendant had no larcenous intent. Based on the record, counsel could have reasonably chosen to not mitigate the charged greater offense by requesting that the jury be instructed on a lesser offense, but to instead strive for complete acquittal of that charge. "The decision to proceed with an all or nothing defense is a legitimate trial strategy." *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982). Defense counsel has wide discretion regarding matters of trial strategy, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012), and "[t]his Court will not second-guess defense counsel's judgment on matters of trial strategy." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). The fact that the strategy chosen by defense counsel did not work does not constitute ineffective assistance of counsel. *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Accordingly, defendant has not overcome the strong presumption that defense counsel provided constitutionally effective assistance in this regard. *Payne*, 285 Mich App at 190.

We acknowledge defendant's attempt to establish the factual predicate for this claim with an affidavit from his appellate counsel, which was filed with defendant's motion to remand. In

---

[1] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Holt*, unpublished order of the Court of Appeals, entered September 30, 2014 (Docket No. 324268).

the affidavit, appellate counsel avers that, based on a "phone interview," she "*believes*" that defense counsel would testify on remand "that she did not ask for the lesser offense of Breaking and Entering without Owner's permission because she did not think that she could have asked for it but that if it was a cognate then *maybe* she should have." (Emphasis added.) While an affidavit was required to be filed with defendant's motion to remand, MCR 7.211(C)(1), it is "impermissible to expand the record on appeal." *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). But even if we consider the affidavit, what appellate counsel *believes* trial counsel thinks she *maybe* should have done is insufficient to establish the factual predicate for defendant's claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Further, even accepting that defense counsel admitted that she made a mistake, defendant must still show that it is reasonably probable that counsel's deficient performance affected the outcome of the proceeding. *Nix*, 301 Mich App at 207. Although defendant argued that the prior owner gave him permission to remove items from the garage, he presented no evidence to substantiate his claim. Rather, he relied on his mother's testimony that he had helped the prior owner move out of the house in March, but this testimony does not prove that defendant had permission to take items out of the garage in April, especially given Reynolds's testimony that she confronted defendant while he was in her garage and told defendant that those were her belongings. Defendant is not entitled to a new trial on the basis of ineffective assistance of counsel.

Defendant next argues that the trial court deprived him of his Sixth Amendment right to counsel when it did not allow him to consult with his attorney before deciding whether to testify or not testify. Again, we disagree. Because defendant did not raise this constitutional claim below, the issue is unpreserved. We review unpreserved constitutional claims for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

The Sixth Amendment right to counsel attaches to criminal prosecutions when the judicial process is initiated and extends to every "critical stage" of the proceeding. *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004). The core of this right includes the opportunity for a defendant to consult with an attorney. *Kansas v Ventris*, 556 US 586, 590; 129 S Ct 1841; 173 L Ed 2d 801 (2009). A critical stage is "where counsel's absence might harm defendant's right to a fair trial." *People v Buie (On Remand)*, 298 Mich App 50, 61; 825 NW2d 361 (2012) (citation omitted). "It is well established that a total or complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal." *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005).

After the people rested, the following exchange occurred outside the presence of the jury as the trial court advised defendant of his right to testify or not testify:

> *The Court*: *Now, you've had the opportunity of discussing the advisability of your testifying or not testifying with your counsel, Mrs. Leslie Cooper, is that true?*
>
> *Defendant*: *Yes, sir.*
>
> *The Court*: *The decision, however, to give testimony or not give testimony is not [defense counsel's] to make. It's yours. Do you understand that?*

-3-

*Defendant*: Yes, sir.

*The Court*: *Knowing that, have you made some decision as to whether you will or will not testify?*

*Defendant*: *Yes, sir.*

*The Court*: And what is that?

*Defense counsel*: He's been hesitant about this decision. We haven't had a moment to talk about it.

*The Court*: Well, this is the time. You've got to fish or cut bait now.

*Defendant*: Can I talk to—

*Defense counsel*: What do you want to do?

*Defendant*: Judge Callahan, I'm going to remain silent. [Emphasis added.]

This record discloses that before defense counsel interjected, defendant unequivocally stated that he had already had the opportunity to discuss with his attorney whether he should testify, and he also unequivocally expressed that he had reached a decision about whether or not to testify.[3] Defendant's own statements belie his claim that he was denied an opportunity to consult with his attorney. Regarding defense counsel's contrary interjection that they had not had "a moment to talk about it," counsel also stated that defendant "has been hesitant about this decision," thereby indicating that they had discussed the matter. The trial court's "fish or cut bait" statement was made in response to defense counsel's remark about defendant being hesitant, but when counsel again asked defendant what he wanted to do, defendant unequivocally stated that he wanted to "remain silent." The court did not prevent defendant from consulting with counsel, but rather reasonably determined from defendant's unequivocal responses that he had already done so and had reached a decision about whether to testify. Defendant was not deprived of his constitutional right to counsel, and there was no plain error.

Defendant next argues that the prosecutor engaged in misconduct that denied him a fair trial when she "muttered" and displayed "open mockery of trial counsel's mannerisms and cross examination." We disagree. We review de novo preserved claims of prosecutorial misconduct, examining the challenged conduct in context to determine whether the defendant was denied a fair and impartial trial. *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010).

---

[3] "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011).

"Given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id.* at 63-64. "A prosecutor cannot personally attack the defendant's trial attorney because this type of attack can infringe upon the defendant's presumption of innocence." *People v Kennebrew*, 220 Mich App 601, 607; 560 NW2d 354 (1996).

Outside the presence of the jury, defense counsel complained about the prosecutor's "muttering" during trial and the trial court directed the parties to act civilly. However, there is no evidence of what statements the prosecutor actually muttered, and nothing to show that the jury heard those muttered comments. The trial court cautioned the parties to refrain from "any snipping at the back or comments" "that the jury *might* hear." (Emphasis added.) Although defense counsel characterized the prosecutor's conduct as unprofessional and inappropriate, she did not identify the substance of the prosecutor's comments on the record, and she did not request a mistrial or identify a need for any curative action, such as asking the trial court to address the prosecutor's comments when the jury returned to the courtroom, or requesting an evidentiary hearing to determine whether jurors actually heard the muttering. In the absence of a record showing that defendant was prejudiced by the prosecutor's conduct, defendant cannot show that he was denied a fair trial by the prosecutor's "muttering."

Defendant raised two additional objections regarding the prosecutor's unspecified "behavior," which defense counsel described as "inappropriate" and "outrageous." Again, however, defense counsel did not make a record of what specifically the prosecutor was doing, and the trial court overruled defendant's objections. Even if we consider appellate counsel's affidavit, in which appellate counsel avers that trial counsel indicated that "the prosecution was mocking her gestures in front of the jury," without any development of the record to show what effect, if any, this behavior had on the jury, there is no basis for concluding that defendant suffered any prejudice.

Moreover, the trial court instructed the jury that the lawyers' statements were not evidence that the jury was to decide the case based only on the properly admitted evidence, and that the jury was to follow the court's instructions. These instructions were sufficient to dispel any possible prejudice and to protect defendant's substantial rights. *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001). It is well established that jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Defendant has not shown that the prosecutor's conduct denied him a fair trial.[4]

---

[4] We note that the jury convicted defendant of one of two charges related to the April 5 incident, and acquitted him of all charges related to the April 18 incident. Although defendant contends that the prosecutor's "mockery of defense counsel drew [the jury's] attention away from the facts of the case," the fact that the jury acquitted defendant of all charges related to the April 18 incident supports that the jury focused on the evidence and followed the trial court's instructions.

Lastly, defendant argues that defense counsel was ineffective for not calling either Briana Terry or Roderick Reese in support of his defense that he had permission from the previous homeowner to remove items from the garage, and therefore, had no larcenous intent. We disagree.

Defendant attempts to establish the factual predicate for this claim with the affidavit of appellate counsel, who avers that pursuant to her interviews of the witnesses, Terry and Reese both would have testified that they were present when the prior owner told defendant that he could have whatever belongings were left in the home after she moved out. This affidavit also discloses that defense counsel was aware of Terry and Reese, considered calling them as witnesses at trial, but declined to do so. "Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy," *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), and, as previously indicated, "this Court will not second-guess defense counsel's judgment on matters of trial strategy." *Benton*, 294 Mich App at 203. The failure to present a witness can constitute ineffective assistance only where it deprives the defendant of a substantial defense. *Payne*, 285 Mich App at 190.

Defendant has not overcome the strong presumption that counsel chose not to call Terry or Reese at trial as a matter of strategy. In the affidavit relied on by defendant, appellate counsel averred that defense counsel advised her that "the only witnesses she was able to get ahold of would only be able to testify to hearsay so no witnesses were called." Given that the witnesses' proposed testimony would have been hearsay because it involved the prior owner's out-of-court statement and offered to prove the truth of the matter asserted, MRE 801, defense counsel's decision to forego calling these witnesses was not objectively unreasonable.[5] *Nix*, 301 Mich App at 207. Further, defendant has not provided a witness affidavit from Reese or Terry, or identified any other evidence of record establishing that the witnesses actually could have provided favorable testimony at trial. *Carbin*, 463 Mich at 600. Accordingly, defendant's claim fails.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello

---

[5] Notably, defendant does not challenge the propriety of counsel's reason for not calling the witnesses.