# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHANEKA MONIQUE TORRES,

Defendant-Appellant.

UNPUBLISHED
October 12, 2017

No. 334067
Kent Circuit Court
LC No. 14-001559-FH

Before: MURRAY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right her jury trial convictions of carrying a concealed weapon, MCL 750.227b; intentional discharge of a firearm at an occupied building, MCL 750.234b; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent terms of one to five years' imprisonment for the carrying a concealed weapon and intentional discharge of a firearm convictions and to a term of two years' imprisonment for the felony-firearm conviction, which is consecutive to the intentional discharge of a firearm sentence. We affirm.

This case arises out of a shooting incident that occurred at a McDonald's drive-through in Grand Rapids, Michigan. In the early morning hours of February 10, 2014, defendant and her friend Nydia Ray arrived at the drive-through and placed their food orders. Ray was driving, and defendant was sitting in the passenger seat. Defendant informed the staff that the McDonald's had offered her a free meal as recompense for an earlier incorrect order, and the staff confirmed this in their records. When defendant and Ray arrived at the second window and received their orders, defendant realized that her order was again incorrect. The order was passed back to the employee at the window, Essence Lake. After Lake left the pickup window and Ray rolled up the driver's window, defendant reached into her purse and retrieved her firearm. The weapon discharged; the bullet shattered the driver's window and went into the McDonald's through the drive-through window. No one was injured by the gunshot.

On appeal, defendant argues that her convictions of intentional discharge of a firearm at an occupied building and felony-firearm were not supported by sufficient evidence. We review a challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing sufficiency of the evidence claims, this Court views the evidence in a light most favorable to the prosecution and determines whether any rational trier of

-1-

fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000). This Court must draw all reasonable inferences and make credibility choices in support of the jury verdict. *Id.* at 400.

"[A]n individual who intentionally discharges a firearm at a facility that he or she knows or has reason to believe is a dwelling or an occupied structure is guilty of a felony . . . ." MCL 750.234b(1).[1] Accordingly, to convict a defendant of intentional discharge of a firearm at an occupied building, the prosecution must prove that the defendant (1) intentionally discharged a firearm (2) at a facility (3) that the defendant knew or had reason to believe was occupied. Defendant does not dispute that the evidence showed that she discharged a firearm at the McDonald's, which she knew to be occupied. Rather, defendant argues that the evidence failed to prove that she intentionally discharged the firearm. Because it is difficult to prove a defendant's state of mind, minimal circumstantial evidence is sufficient to establish the defendant's intent. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

The evidence showed that on February 10, 2014, defendant did not receive the food that she had ordered. Defendant had previously received an incorrect order from the same McDonald's. Lake testified that defendant gave her "attitude" when defendant returned the food. She told Lake that McDonald's always gets orders wrong and that she just wanted the food that she ordered. Lake told defendant that she did not make the food, but she would tell the person who made it that it was wrong. Ray testified that defendant said "bitch" shortly before the firearm was discharged, and Grand Rapids Police Officer Patrick Loeb testified that Ray told him that defendant said "bitch," as well as something along the lines of "who are you talking to." Jeffrey Crump of the Michigan State Police crime laboratory, who was qualified as an expert in firearms examination, examined the firearm. He testified that the firearm had no malfunctioning parts, and because the weapon was working properly, he did not believe that it could have malfunctioned and discharged. According to Crump, six pounds of pressure were needed to fire a bullet from the firearm. Although Ray testified that defendant panicked after the firearm discharged, and Grand Rapids Police Officer Jeremy Wertz testified that defendant said that the firearm accidentally discharged when she was grabbing something out of her purse, the evidence must be viewed in a light most favorable to the prosecution. *Nowack*, 462 Mich at 399-400. When it is, and all reasonable inferences and credibility choices are made in support of the jury verdict, a rational trier of fact could have found beyond a reasonable doubt that defendant intended to discharge the weapon. *Id.* Defendant's conviction for intentionally discharging a weapon at an occupied building is supported by sufficient evidence.

Defendant's felony-firearm conviction is also supported by sufficient evidence. To be convicted of felony-firearm, a defendant must have possessed a firearm during the commission or attempted commission of a felony. *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Because a rational trier of fact could have found beyond a reasonable doubt that

---

[1] MCL 750.234b was amended by 2014 PA 191, effective September 22, 2014. Because the shooting occurred on February 10, 2014, the former version of MCL 750.234b applies to the case.

defendant intentionally discharged a firearm at the McDonald's, a building which she knew to be occupied, a rational trier of fact could have also found beyond a reasonable doubt that defendant possessed a firearm during the commission of a felony. *Nowack*, 462 Mich at 399-400. To have intentionally discharged a firearm at the McDonald's, defendant necessarily had to possess a firearm.

Defendant also argues that his conviction for intentional discharge of a firearm at an occupied building was against the great weight of the evidence. Because defendant did not move the trial court for a new trial on the ground that this conviction was against the great weight of the evidence, the issue is unpreserved, and we review it for plain error affecting the defendant's substantial rights. *People v Cameron*, 291 Mich App 599, 617-618; 806 NW2d 371 (2011).

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). A verdict may only be vacated when it is not reasonably supported by the evidence and the verdict was more likely the result of causes outside the record, such as passion, prejudice, or sympathy. *Id.* Conflicting testimony or questions as to the credibility of witnesses are generally not sufficient grounds for granting a new trial. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998). As indicated by the analysis on defendant's claim that her conviction for intentional discharge of a firearm at an occupied building was not supported by the evidence indicates, the jury's verdict that defendant intentionally discharged a firearm at the McDonald's was reasonably supported by the evidence. Accordingly, the verdict was not against the great weight of the evidence.

Next, defendant argues that the prosecutor committed misconduct when he commented on defendant's failure to testify during his closing rebuttal argument. We review de novo claims of prosecutorial misconduct. *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010).

The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Claims of prosecutorial misconduct are decided on a case-by-case basis, with the reviewing court examining the record and evaluating the prosecutor's challenged remarks in context. *People v Paquette*, 214 Mich App 336, 342; 543 NW2d 342 (1995). An improper remark may not constitute error requiring reversal when the prosecutor is responding to defense counsel's argument. *People v Watson*, 245 Mich App 572, 593; 629 NW2d 411 (2001); *People v Kennebrew*, 220 Mich App 601, 608; 560 NW2d 354 (1996).

A defendant has a constitutional right not to testify at trial, US Const, Am V; Const 1963, art 1, § 17, and may elect to rely on the presumption of innocence. *People v Fields*, 450 Mich 94, 108; 538 NW2d 356 (1995). To protect this right, "a prosecutor may not comment on a defendant's failure to testify," *People v Perry*, 218 Mich App 520, 538; 554 NW2d 362 (1996), aff'd 460 Mich 55 (1990), because such remarks "ask the jury to draw the inference that the defendant is guilty or hiding something merely because he has not taken the stand," *People v Buckey*, 424 Mich 1, 14; 378 NW2d 432 (1985).

During closing rebuttal argument, the prosecutor stated:

Now, the defendant has an absolute right not to testify, and you can't hold that against her during your deliberations. But when [defense counsel] gets up in his closing and says we don't know what she thought and what she was feeling, she had the opportunity to testify and get cross-examined.

Although the prosecutor commented on defendant's failure to testify, the remark was in response to defense counsel's argument. Defense counsel had told the jurors that they were "Monday morning quarterbacks" and were being asked to "decide this case without even having the feelings, the position, the circumstances of" defendant. This statement indicated that there was a lack of evidence regarding defendant's intent and that, because of this lack of evidence, the jury did not have enough information to find defendant guilty. In the challenged remark, the prosecutor pointed out that the jurors did not know defendant's feelings because defendant had chosen not to testify. Also, before the prosecutor remarked on defendant's failure to testify, he told the jury that defendant had a right not to testify and that it could not hold defendant's decision not to testify against defendant. The jury received the same instruction from the trial court. Immediately after defendant objected to the prosecutor's remark and during final instructions, the trial court instructed the jury that defendant had an absolute right not to testify and that, in deciding defendant's guilt, it could not consider the fact that defendant did not testify. See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) (stating that jurors are presumed to follow their instructions). Under these circumstances, the prosecutor's remark on defendant's failure to testify did not deny defendant a fair trial. *Dobek*, 274 Mich App at 63.

Finally, defendant argues that the trial court erred in denying his motion for a new trial on the ground that the prosecutor improperly remarked on her failure to testify. Because the prosecutor's remark did not deny defendant a fair trial, the trial court did not abuse its discretion in denying the motion. *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

We affirm.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Jane E. Markey

-4-