*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

UNPUBLISHED
May 11, 2023

v

JASON JOHN NOOM,

        Defendant-Appellee.

No. 362414
Ionia Circuit Court
LC No. 2018-017557-FH

Before: MARKEY, P.J., and MURRAY and FEENEY, JJ.

PER CURIAM.

The prosecutor appeals by interlocutory leave granted[1] the trial court's order granting defendant's motion for a new trial. We vacate the trial court's order and remand for further proceedings.

## I. FACTUAL BACKGROUND

In November 2017, the young victim, alleged that defendant had committed criminal sexual conduct against her multiple times over five years. Ionia Department of Public Safety Detective Sergeant Corey McDiarmid questioned defendant about the victim's allegations that defendant touched the victim's vagina over 50 times. Although defendant denied the victim's allegations throughout the interview, defendant eventually admitted to penetrating the victim's vagina with one finger less than 20 times. Accordingly, defendant was charged with four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a).

In May 2022, a two-day jury trial was held. On cross-examination of the victim, defense counsel asked the victim about an allegation of sexual assault she made against another person. In his closing argument, defense counsel mentioned the victim's other sexual-assault allegation. In his rebuttal, the prosecutor responded to defense counsel's closing statements about the victim's

---

[1] *People v Noom*, unpublished order of the Court of Appeals, entered December 19, 2022 (Docket No. 362414).

other sexual-assault allegation. At the conclusion of proofs, the jury convicted defendant of four counts of first-degree criminal sexual conduct.

In June 2022, defendant moved for, in part, a new trial. Defendant argued for a new trial based on the prosecutor's rebuttal remarks—that nobody knew what happened with the victim's other sexual-assault allegation—was a misrepresentation and intended to bolster the victim's credibility, which caused defendant to receive an unfair trial. Defendant also argued that the victim advocate's actions in ushering the crying victim out of the courtroom after she testified also bolstered her testimony and believability, as well as arguing that the prosecutor made improper comments regarding this during closing argument.[2]

In July 2022, the trial court heard defendant's motion for, in part, a new trial. The trial court granted defendant a new trial on the grounds that (1) admission of the victim's testimony about a sexual-assault allegation against another person and then (2) the prosecutor's statement that nobody knew what happened with that allegation, which vouched for the credibility of that allegation, caused defendant to receive an unfair trial. As a result, the prosecutor moved to stay proceedings in order to file an interlocutory appeal on the trial court's decision to grant defendant's motion for a new trial. This Court granted the prosecutor's application for leave to appeal.

## II. MOTION FOR A NEW TRIAL

### A. PRESERVATION OF ISSUE

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Whether the prosecutor's rebuttal remarks about the victim's sexual-assault allegation against another person unfairly prejudiced defendant was raised at a hearing on defendant's motion for a new trial, addressed by defendant, and decided by the trial court. Consequently, this issue is preserved for appeal.

### B. STANDARD OF REVIEW

An appellate court "reviews a trial court's decision to grant or deny a motion for a new trial for an abuse of discretion." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citations omitted). A mere difference in judicial opinion does not establish an abuse of discretion. *Id.* An appellate court may not "tacitly endorse obvious errors under the guise of deference." *Id.* at 565 (quotation marks and citations omitted). Additionally, we review a trial court's factual findings for clear error. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). A finding is clearly erroneous if "the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002).

_____

[2] The trial court did not grant the new trial on this basis. Accordingly, we do not address it in this opinion.

## C. ANALYSIS

The prosecutor argues that the trial court abused its discretion by granting defendant's motion for a new trial because the prosecutor's comments on defendant's closing statements about the victim's sexual-assault allegation against another person did not support a basis for reversal on appeal or result in a miscarriage of justice. We agree.

"On the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice." MCR 6.431(B). A new trial may not be granted

> on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. [MCL 769.26.]

On cross-examination of the victim, defendant introduced an allegation of sexual assault that the victim made against another person. Specifically, defendant examined the victim in relevant part:

[*Defense Counsel*]: Who is John Wheeler?

[*The Victim*]: Who?

[*Defense Counsel*]: John Wheeler.

[*The Victim*]: He's the person who raped me.

[*Defense Counsel*]: You alleged that he raped you, didn't you, and he's 36 years old?

[*The Prosecutor*]: Wait. Objection, Your Honor. Objection.

*The Court*: What's the objection?

[*The Prosecutor*]: Relevance. I'm wondering—

*The Court*: Relevance, [defense counsel]?

[*The Prosecutor*]: —why we're getting into something like this?

*The Court*: What's the relevance?

[*Defense Counsel*]: It's relevant. Her allegations against [defendant], I believe, are false. And I'm not getting—

*The Court*: So is there some other offer of proof associated with that?

[*Defense Counsel*]: No, because I'm not getting in to anything about what her sexual activity. I'm getting into the mere fact of the allegations.

*The Court*: All right. So I'll overrule the objection if that's as far as we're going with that. Go ahead.

BY [*Defense Counsel*]:

[*Defense Counsel*]: Isn't John Wheeler a 36-year-old man who—

[*The Prosecutor*]: Objection. I thought that was it, then. That's as far as we're going with it. You asked if she's been raped by somebody completely different now?

[*Defense Counsel*]: No, I did not ask if she'd been raped. Not even close.

*The Court*: I don't know that that was the question either. But so to the extent let's just solve the issue. How about we start with has she made allegations?

BY [*Defense Counsel*]:

[*Defense Counsel*]: Okay. Have you made allegations against John Wheeler that he sexually assaulted you?

[*The Victim*]: Yes.

[*Defense Counsel*]: And how shortly after you made allegations against [defendant] was it you made allegations against John Wheeler?

[*The Victim*]: I think it was a year, maybe two.

[*Defense Counsel*]: It was, like, 2018, wasn't it?

[*The Victim*]: I don't remember.

[*Defense Counsel*]: And those allegations against [defendant] were in November of 2017, correct?

[*The Victim*]: Yes.

[*Defense Counsel*]: And nothing ever came of those allegations, did it?

[*The Victim*]: No because my mother said—

[*Defense Counsel*]: It was just a yes or no is fine.

[*The Victim*]: Okay.

By inquiring into a sexual-assault allegation that the victim made against another person, the prosecutor alleges that defendant sought to introduce this testimony as a means of attacking the victim's credibility. If nothing came out of the victim's other allegation of sexual assault, then it is possible that the allegations against defendant were unfounded. Indeed, defendant never provided an offer of proof or introduced evidence that established said allegation was false, but in his closing arguments, defendant still brought up the victim's other sexual-assault allegation:

> And you gotta remember this. [The victim] accused a 36-year-old man of raping her months after she accused [defendant] of molesting her. That case went nowhere. Evidently, it was at a party at mom's house. You know you have a— you have a mother who's strung out on methamphetamine, you're liable to have anything going on. But we can conclude from the testimony this certainly was no rape. [3]

In his rebuttal, the prosecutor responded to defendant's closing argument:

> And I can only categorize it as a completely out-of-bounds situation when the defense brings up something completely unrelated to this, wholly unrelated to this, involving somebody else completely, not [defendant], and we have no idea what happened with that situation, no idea why it didn't go anywhere. [The victim] wanted to talk about it. She wasn't allowed to.

When moving for a new trial, defendant took issue with the prosecutor's rebuttal remarks because defendant believed that telling the jury that nobody knew what happened or why the victim's other sexual-assault allegation went nowhere intentionally misled the jury and unfairly vouched for the victim. After all, as defendant argues but fails to provide evidence of, the prosecutor's office handled the victim's other sexual-assault allegation, so the prosecutor knew what happened with that sexual-assault allegation. The trial court agreed with defendant and granted defendant's motion for a new trial because the prosecutor's rebuttal remarks could have implied that there was merit to the victim's other sexual-assault allegation, which then could have unfairly prejudiced defendant. We disagree.

A review of the record reveals that the trial court clearly erred by concluding that the prosecutor's rebuttal remarks implied that there was merit to the victim's sexual-assault allegation against another person. While a prosecutor may not vouch for the credibility of a witness by suggesting that he or she has some special knowledge concerning a witness's truthfulness, *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995), a prosecutor may comment on the credibility of a prosecution witness at closing argument, *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). We must consider the prosecutor's remarks as a whole and evaluate the

---

[3] None of these facts were in evidence, yet defense counsel provided his perspective on the "other acts" evidence during closing arguments and now claims error even after he opened the door regarding this issue.

prosecutor's remarks in light of defendant's arguments and in relation to the evidence at trial. *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008). An otherwise improper remark by a prosecutor may not rise to error requiring reversal if it is responsive to defense counsel's argument. *People v Kennebrew*, 220 Mich App 601, 608; 560 NW2d 354 (1996). "A prosecutor may fairly respond to an issue raised by the defendant." *Brown*, 279 Mich App at 135.

Here, the prosecutor was simply responding to defendant's closing statements on an issue that defendant introduced. In his closing argument, defendant stated that the victim's other sexual-assault allegation was a "case [that] went nowhere," but there was no testimony elicited or evidence introduced at trial that supported defendant's claim. The prosecutor responded by clarifying that nobody has any "idea what happened with" the victim's other sexual-assault allegation or knows "why" the victim's other sexual-assault allegation "didn't go anywhere," which was a fair response to defendant's closing statements. Contrary to defendant's argument, the prosecutor's response was directed at the lack of evidence supporting defendant's assertion that the victim's other sexual-assault allegation "went nowhere." It cannot be said nor reasonably inferred that the prosecutor's brief comments about defendant's unproven assertion unfairly prejudiced defendant, let alone suggested to the jury that the victim's other sexual-assault allegation was true. Accordingly, we conclude that defendant was not unfairly prejudiced as a result of the prosecutor's rebuttal remarks.

A determination whether the victim's testimony was admissible, either under MRE 404(b) or MCL 750.520j, the rape-shield statute, is irrelevant. As already established, defendant was the party who first pursued testimony about the victim's other sexual-assault allegation, so any potential prejudice flowing from the evidence was of defendant's own making. *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017). A reversal is not required when an aggrieved party contributes to an error by plan or negligence. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003). Consequently, the trial court's decision to grant defendant a new trial on the ground that the prosecutor unfairly prejudiced defendant through evidence that defendant introduced fell outside the range of reasonable and principled outcomes and, therefore, was an abuse of discretion. There was no reasonable indication that the prosecutor's rebuttal remarks about the victim's other sexual-assault allegation supported appellate reversal of defendant's convictions or resulted in a miscarriage of justice.

## III. CONCLUSION

We conclude that the trial court abused its discretion by granting defendant's motion for a new trial. There was no evidence or reasonable indication that the prosecutor's rebuttal remarks in response to defendant's closing statements on an issue defendant introduced supported reversal of defendant's convictions or resulted in a miscarriage of justice. We vacate the trial court's order granting defendant's motion for a new trial and remand for further proceedings. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Christopher M. Murray
/s/ Kathleen A. Feeney