PEOPLE v ARNEY

Docket No. 71954. Submitted March 21, 1984, at Detroit.—Decided
November 7, 1984. Leave to appeal applied for.

Bradley D. Arney was convicted, on his plea of guilty, of assault
with intent to commit criminal sexual conduct in the second
degree and was sentenced to a term of imprisonment, Newaygo
Circuit Court, Terrence R. Thomas, J. Defendant appealed,
alleging that resentencing is required because the presentence
report did not evaluate any alternatives to imprisonment and
that he was denied effective assistance of counsel because his
attorney chose not to address the court at the sentencing
proceeding. *Held:*

1. The presentence report was sufficient to satisfy the statu-
tory requirements, under the facts of this case. Implicit in the
report was the rejection of alternatives to imprisonment.

2. Defense counsel's decision not to address the court at
sentencing was a tactical one which the Court of Appeals will
not second guess, as a difference of opinion as to trial tactics
does not amount to ineffective assistance of counsel.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A probation officer's recommendation in a presentence report
that a defendant be sentenced to prison, based on an evaluation
of the defendant's past history and the nature of the crime for
which he is being sentenced, which implies that alternatives to
imprisonment are being rejected, is sufficient to satisfy the
statutory requirements of a presentence report (MCL 771.14;
MSA 28.1144).

2. CRIMINAL LAW — SENTENCING — ALLOCUTION — TRIAL TACTICS —
APPEAL.

The decision of a defendant's attorney not to address the court at

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 527.
[2] 21 Am Jur 2d, Criminal Law § 531.
   21A Am Jur 2d, Criminal Law § 984 *et seq.*
   Modern status of rules and standards in state courts as to adequacy
   of defense counsel's representation of criminal client. 2 ALR4th
   27.

sentencing is a tactical one which the Court of Appeals is reluctant to second guess; a difference of opinion as to trial tactics does not amount to ineffective assistance of counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *H. Kevin Drake,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Chari Grove),* for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR. and S. J. LATREILLE,* JJ.

PER CURIAM. Pursuant to a plea bargain, defendant pled guilty to a reduced charge of assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520(g)(2); MSA 28.788(7)(2). Thereafter sentenced to a term of from 18 months to 5 years in prison, defendant appeals as of right.

Defendant's conviction arose from defendant's assault on a 10- or 11-year-old girl in her home. At the time defendant was staying in the home with his girlfriend.

First, defendant claims he is entitled to resentencing where the original presentence report did not include any evaluation of alternatives to prison incarceration. We disagree.

After evaluating defendant's past history and the serious nature of the behavior involved herein, the probation officer made a specific written recommendation that defendant be sentenced to prison. We find that implicit in the probation officer's recommendation was the rejection of alternatives to prison. Under the facts of this case, we

---

* Circuit judge, sitting on the Court of Appeals by assignment.

hold that defendant's presentence report was sufficient to satisfy the statutory requirements. MCL 771.14; MSA 28.1144; *People v Green,* 123 Mich 563; 332 NW2d 610 (1983); *People v Joseph,* 114 Mich App 70; 318 NW2d 609 (1982).

Defendant additionally claims that he was denied effective assistance of counsel in that his counsel did not exercise the right to allocution. We disagree. Given the nature of the offense and the correctness of the presentence report, defense counsel made a tactical decision not to allocute. The decision to address the court at sentencing is a tactical one. *People v London Williams,* 117 Mich App 262, 266; 323 NW2d 663 (1982). This Court is reluctant to second guess a trial counsel's strategy. A difference of opinion as to trial tactics does not amount to ineffective assistance of counsel. *People v Peery,* 119 Mich App 207; 326 NW2d 451 (1982). Under the facts herein, resentencing is not required. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Affirmed.