PEOPLE v TERRY

Docket No. 96092. Submitted September 8, 1987, at Detroit. Decided October 6, 1987.

Eugene Terry pled guilty in the Recorder's Court for the City of Detroit to breaking and entering and as an habitual offender, fourth offense, pursuant to a sentence agreement specifying that his sentence would not exceed from eight to fifteen years. He was then sentenced by Judge Warfield Moore, Jr., acting in the stead of Judge Evelyn K. Cooper, to from six to ten years imprisonment pursuant to a revised sentence bargain. Defendant's motion to withdraw his guilty plea was subsequently granted. The case was then assigned to Executive Chief Judge Samuel C. Gardner and defendant again pled guilty and was sentenced to from eight to twenty years. Defendant then brought a motion for resentencing. Judge Gardner set aside the sentence of from eight to twenty years and resentenced defendant to from six to ten years imprisonment. Defendant appealed alleging that the presentence report failed to make a specific recommendation for disposition of the defendant as required by MCL 771.14; MSA 28.1144.

The Court of Appeals *held:*

The Probation Department's recommendation of incarceration in the presentence report was a sufficient recommendation for disposition within the meaning of MCL 771.14; MSA 28.1144.

Affirmed.

CRIMINAL LAW — PRESENTENCE REPORTS.

A presentence report recommending incarceration of a defendant complies with the statutory mandate that a presentence report include a specific written recommendation for disposition of the defendant (MCL 771.14; MSA 28.1144).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Due process requirements of presentence procedure following a conviction. 3 L Ed 2d 1808.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Brigid Vincent Marley,* Assistant Prosecuting Attorney, for the people.

*Linda D. Ashford,* for defendant.

Before: Gribbs, P.J., and J. H. Gillis and Hood, JJ.

Per Curiam. Defendant originally pled guilty in this case to breaking and entering, MCL 750.110; MSA 28.305, and as an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, pursuant to a sentence agreement which specified that his sentence would not exceed eight to fifteen years. He was subsequently sentenced to six to ten years pursuant to a revised sentence bargain on the date of sentencing. Defendant then filed a motion to withdraw his guilty plea, which was granted on November 15, 1985, due to defects in the plea-taking procedure. On March 11, 1986, defendant again pled guilty and was subsequently sentenced to serve a term of eight to twenty years. Defendant then brought a motion for resentencing, asserting that the sentence of eight to twenty years was an impermissible increase in the sentence imposed following his original guilty plea, and that the sentencing judge failed to cite factors justifying the sentence increase. The trial court agreed that the sentence increase was unjustified, and in a written opinion set aside the sentence of eight to twenty years and resentenced defendant to six to ten years. Defendant now appeals as of right, claiming that the presentence report failed to make a specific recommendation for disposition as required by MCL 771.14; MSA 28.1144. We affirm.

The Probation Department's recommendation in the presentence report was incarceration. The probation officer also indicated that "In light of the defendant's prior criminal record, which indicates his inability to adjust to community supervision, we will not be recommending probation at this time." We find no error requiring reversal in this case.

In *People v Joseph,* 114 Mich App 70, 78; 318 NW2d 609 (1982), we held that merely recommending that a defendant not be placed on probation was a sufficient recommendation. In *People v Arney,* 138 Mich App 764, 765-766; 360 NW2d 291 (1984), we held that a recommendation that a defendant be sentenced to prison was adequate. In *People v Humble,* 146 Mich App 198, 202; 379 NW2d 422 (1985), we held that simply recommending incarceration was a sufficient recommendation. See also *People v Sterling,* 154 Mich App 223, 234; 397 NW2d 182 (1986). We repeat once again, for the benefit of the bar, that a recommendation of incarceration is a sufficient recommendation for disposition within the meaning of MCL 771.14; MSA 28.1144.

Affirmed.