PEOPLE v JONES

Docket No. 106848. Submitted October 11, 1988, at Detroit. Decided
    August 9, 1989.

    Mark J. Jones was convicted, on his plea of guilty, of manslaugh-
    ter and being a second-felony offender, Genesee Circuit Court,
    Donald R. Freeman, J. Defendant appealed, alleging, inter alia,
    that the court, in sentencing defendant, gave too much consid-
    eration to the feelings of the family of the victim.

        The Court of Appeals *held:*

        1. Under the circumstances, failure to object did not preclude
    appellate review of the issue.

        2. The impact of the crime is a valid sentencing considera-
    tion. The Court did not believe that the judge's consideration of
    the crime's impact amounted to prejudice or bias that deflected
    him from making a proper sentencing decision.

        3. Defendant's other allegations of error were without merit.
        Affirmed.

        J. M. BATZER, J., concurred but wrote separately to say that
    he did not rely on *People v Collier,* 168 Mich 687 (1988), cited
    in the majority opinion.

1. CRIMINAL LAW — APPEAL.

    Failure to make timely objection, as a general rule, precludes
        appellate review, however, an appellate court can react, even in
        the absence of timely objection, to error which resulted in a
        denial of a fair trial.

2. CRIMINAL LAW — SENTENCING.

    The impact of the crime on the victim and his family is a valid
        consideration in deciding on a sentence.

3. CRIMINAL LAW — PRESENTENCE REPORTS.

    A presentence report recommending incarceration of a defendant
        complies with the statutory mandate that a presentence report

REFERENCES

    Am Jur 2d, Appeal and Review § 549; Criminal Law §§ 527, 598,
        599.
    See the Index to Annotations under Homicide; Impact; Sentence
        and Punishment; Victims.

include a specific written recommendation for disposition of the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

PER CURIAM. Defendant pled guilty to manslaughter, MCL 750.321; MSA 28.553, and to being a second-felony offender, MCL 769.10; MSA 28.1082. Thereafter sentenced to a prison term of 15 to 22½ years, defendant appeals as of right. We affirm.

At the outset of the plea-taking, the judge noted that the prosecutor and defendant had reached a plea bargain, but the judge's decision whether to accept the plea would be deferred, pending his discussions with the family of the victim. The judge noted that he was not comfortable with a plea tendered over the opposition of the family of a homicide victim. The judge and Robert Hunt, the victim's father, engaged in an extended discussion, and Hunt there indicated his desire that defendant get the most severe sentence possible. The judge gave detailed advice as to the consequences of various dispositions that could occur, e.g., a plea-based conviction, acquittal by jury, conviction by a jury of second-degree murder, and various factors that could influence defendant's sentence, e.g., Proposal B. Hunt was told that the maximum

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

sentence for the offenses fixed by the plea bargain was 15 to 22½ years. The judge and the prosecutor then corrected Hunt's misimpression that the maximum sentence was "almost a guarantee," telling him instead that the judge could not determine a sentence until the time of sentencing, after other pertinent factors were established and taken into account. The judge sympathized at length with the grief that he believed that Hunt was experiencing. The judge indicated that it was his impression that the plea bargain was fair and finally elicited Hunt's agreement that it was fair.

The judge then engaged in a discussion with Johanna Hunt, the victim's mother, exploring similar concerns. In response to Johanna Hunt's question whether it was possible that defendant could receive a sentence of less than ten years for the homicide, the judge responded that it was possible, but "not likely." Johanna Hunt conceded that the plea bargain was reasonable.

In order to establish the factual basis for his plea, defendant stated that he worked as a bouncer at a bar, although he was there on the evening of the crime as an off-duty patron. When fighting broke out in the bar parking lot, he went out to break it up. At some point, he admonished a girl to take the fight elsewhere, and the victim responded, apparently in the girl's defense, by grabbing defendant by the shoulder, swinging him around, and shoving him against an automobile. Defendant slipped and fell. Defendant was angry and brandished a knife in response. When the victim approached defendant again, defendant stabbed him in the chest, inflicting a fatal wound. Defendant denied that he acted out of self-defense.

The court accepted defendant's pleas.

At sentencing, the judge attributed significance from the indications in the presentence report of

defendant's criminal history (three felony convictions, apparently inclusive of the instant case, and four misdemeanor convictions), history of probation and parole violations, lack of education and job skills, and lack of remorse. Kim Hunt, the victim's sister, read a statement on behalf of the family, expressing grief and outrage and requesting imposition of the maximum sentence possible.

Defendant argues that he was deprived of due process because the judge, in the course of plea-taking and sentencing proceedings, was exposed to an inordinate degree of inflammatory, marginally relevant, prejudicial statements from relatives of the decedent. Defendant argues that the maximum sentence imposed may have been the product of a judicial bias or predisposition engendered by the impact of the crime on its victims.

It is the prosecution's contention that defendant's failure to object below precludes consideration of this issue on appeal. However, it may be appropriate for this Court to undertake review of error that allegedly deprives defendant of a fair trial, particularly if the objection would have been made to the trial judge concerning his own conduct. *People v Collier,* 168 Mich App 687, 697; 425 NW2d 118 (1988), lv den 431 Mich 859 (1988). Defendant's argument is, in its essence, a challenge to the extent of consideration given by the sentencing court to the impact on the victim, which is part and parcel of the ultimate sentencing determination. Under the circumstances of an appeal challenging the sentence, we conclude that an objection was not necessary to preserve the issue for appellate review.

The impact of a crime on a victim is a valid sentencing consideration. See *People v Girardin,* 165 Mich App 264, 266; 418 NW2d 453 (1987). In

view of the enactment of the Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.*, with its explicit provision for victim input into the disposition of criminal cases, including sentencing, a contrary conclusion is not tenable.

We do not believe that the judge's consideration of the impact of the crime on the victim amounted to a prejudice or bias that deflected him from making a sentencing decision within the scope of considerations recognized in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). A review of the record does not give rise to an impression of actual prejudice or bias. See *People v Armentero,* 148 Mich App 120, 134-135; 384 NW2d 98 (1986), lv den 425 Mich 883 (1986). Defendant was not sentenced on the basis of improper considerations.

Defendant's remaining contentions are also without merit. A recommendation in the presentence report of incarceration is sufficient. *People v Terry,* 163 Mich App 515; 415 NW2d 657 (1987). When a conviction as an habitual offender occurs before sentencing on the underlying offense, as in the ordinary case, the defendant should be sentenced only once. *People v Gren,* 152 Mich App 20, 26-27; 391 NW2d 508 (1986).

Affirmed.

J. M. BATZER, J. *(concurring).* I concur in the Court's decision. I, however, would not rely on *People v Collier,* 168 Mich App 687, 697; 425 NW2d 118 (1988), lv den 431 Mich 859 (1988), a case I believe to be wrongly decided in virtually all aspects, but particularly in its failure to correctly apply the standards of *People v Armentero,* 148 Mich 120, 134-135; 384 NW2d 98 (1986), lv den 425 Mich 883 (1986).