PEOPLE v ALBERT

Docket No. 165908. Submitted June 15, 1994, at Detroit. Decided
September 20, 1994, at 9:15 A.M. Leave to appeal sought.

Norman J. Albert pleaded guilty in the Genesee Circuit Court,
Robert M. Ransom, J., to one count of first-degree criminal
sexual conduct and one count of second-degree criminal sexual
conduct and was sentenced to concurrent terms of 12½ to 25
years and 10 to 15 years in prison for the respective convic-
tions. The defendant appealed.

The Court of Appeals *held:*

1. The sentencing court did not abuse its discretion in permit-
ting an attorney who was representing one of the criminal
sexual conduct victims in a civil action against the defendant to
address the court and suggest that the defendant is a pedophi-
liac. There was no bias or prejudice on the part of the sentenc-
ing court as a result of the attorney's statements, and the
defendant was not denied a fair hearing.

2. The sentences were proportionate.

Affirmed.

SENTENCES — APPEAL — INFORMATION CONSIDERED FOR SENTENCING.

A sentencing court is afforded broad discretion in the sources and
types of information to be considered when imposing a sen-
tence, including relevant information regarding the defendant's
life and characteristics; provided permissible factors are consid-
ered by a sentencing court, appellate review is limited to
whether the court abused its discretion.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Arthur A. Busch,* Prose-
cuting Attorney, and *Donald A. Kuebler,* Chief,
Appeals, Research, and Training, for the people.

*Daniel D. Bremer,* for the defendant on appeal.

REFERENCES

Am Jur 2d, Appeal and Error §§ 17, 18, 772, 774, 867; Criminal Law
§ 527.
See ALR Index under Sentence and Punishment.

Before: HOLBROOK, JR., P.J., and SHEPHERD and MARILYN KELLY, JJ.

PER CURIAM. Defendant pleaded guilty to one count of first-degree criminal sexual conduct involving an eleven-year-old boy, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and one count of second-degree criminal sexual conduct involving a six-year-old girl, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). He was sentenced to serve concurrent terms of 12½ to 25 years and 10 to 15 years in prison, respectively. Defendant appeals and we affirm.

Defendant first asserts that the sentencing court abused its discretion in permitting George Killeen, an attorney representing one of the victims in a civil case against defendant, to address the court, over defense counsel's objection. Provided permissible factors are considered by a sentencing court in imposing a sentence, our review is limited to whether the court abused its discretion. *People v Poppa,* 193 Mich App 184, 187; 483 NW2d 667 (1992). We find no abuse of discretion in this case.

At sentencing, Mr. Killeen suggested that defendant is a "pedophiliac," and requested that the court adjourn sentencing until a forensic evaluation could be performed. The court denied Mr. Killeen's request. Although Mr. Killeen did not constitute a "victim," as defined in the Crime Victim's Rights Act, MCL 780.752(1)(i); MSA 28.1287(752)(1)(i), we note that a sentencing court is afforded broad discretion in the sources and types of information to be considered when imposing a sentence, including relevant information regarding the defendant's life and characteristics. *People v Adams,* 430 Mich 679, 686; 425 NW2d 437 (1988), citing *Williams v New York,* 337 US 241, 247; 69 S Ct 1079; 93 L Ed 1337 (1949). See also

*People v Curry,* 142 Mich App 724, 730; 371 NW2d 854 (1985). We perceive no bias or prejudice on the part of the sentencing court as a result of Mr. Killeen's statements. *People v Jones,* 179 Mich App 339, 343; 445 NW2d 518 (1989). Thus, we conclude that the court did not abuse its discretion in permitting Mr. Killeen to speak and that defendant was not denied a fair hearing.

Defendant next asserts that his sentences violate the principle of proportionality set forth in *People v Milbourn,* 435 Mich 630, 651; 461 NW2d 1 (1990). We disagree. Sentences that fall within the guidelines range are presumed to be neither excessively severe nor unfairly disparate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987); *People v Williams (After Remand),* 198 Mich App 537, 543; 499 NW2d 404 (1993). In articulating its reasons for imposing the sentences, the sentencing court noted the "heinous nature of the offenses," the need to deter others from similar conduct, and the need to protect the community from defendant. The minimum sentence of 12½ years for the first-degree criminal sexual conduct conviction was in the middle of the guidelines range of eight to fifteen years. After a thorough review of the record, we find that defendant has failed to overcome the presumed proportionality of his sentences.

Affirmed.