# IN THE COURT OF APPEALS OF IOWA

No. 18-0263
Filed August 15, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL ALEXANDER LAJEUNESSE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Michael LaJeunesse challenges his restitution plan of payment. **AFFIRMED.**

Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

Michael LaJeunesse was convicted of attempted murder and willful injury and sentenced to a term of incarceration not to exceed thirty-five years. This court affirmed his convictions on direct appeal. *See State v. LaJeunesse*, No. 17-0507, 2018 WL 1099024, at *1 (Iowa Ct. App. Feb. 21, 2018). This appeal arises out of LaJeunesse's challenge to the district court's order on restitution. Lajeunesse was ordered to pay restitution in the amount of $11,234.70. Pursuant to a restitution plan of payment, Lajeunesse was to pay twenty percent of all of credits to his institutional account to satisfy his restitution obligation. LaJeunesse challenged the restitution plan of payment. Following a restitution hearing, the district court ordered the amount of restitution remain the same but modified the restitution plan of payment by reducing the amount to be withheld from LaJeunesse's institutional account from twenty percent to fifteen percent. On appeal, LaJeunesse contends the district court erred in failing to make a finding that LaJeunesse had the reasonable ability to pay restitution.

We conclude LaJeunesse's claim is without merit. Implicit in the district court's reduction of withholding from LaJenuesse's institutional account is the finding that LaJenuesse had the reasonable ability to pay the restitution ordered. *See State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004) (setting forth standard of review); *State v. Van Hoff*, 415 N.W.2d 657, 649 (Iowa 1987) ("A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments than his ability to ultimately pay the total amount due."); *Clark v. State*, No. 15-1280, 2017 WL 2461410, at *3 (Iowa Ct. App. June 7, 2017) (holding the defendant had the

reasonable ability to pay when payment was capped at twenty percent of the offender's institutional account credits). We affirm the district court's order without further opinion. *See* Iowa Ct. R. 21.26(1)(a) and (e).

**AFFIRMED**