*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RICHARD AVON SANDERS, JR.,

       Defendant-Appellant.

UNPUBLISHED
July 30, 2020

No. 347167
Wayne Circuit Court
LC No. 18-002440-01-FC

Before: MARKEY, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of felon in possession of a firearm, MCL 750.227f (felon-in-possession), and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b(b).[1] The trial court sentenced defendant as a third habitual offender, MCL 769.11, to a prison term of 2 years and 10 months to 10 years for the felon-in-possession conviction, to be served consecutively to a five-year term for the felony-firearm conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was charged with killing and burning the body of Macita Mahone. At about 2:00 a.m. on February 17, 2008, defendant picked up Mahone and Kimberly Johnson from a motel and took them to his room at a downtown Detroit hotel. When Johnson awoke a few hours later, only defendant was present. Defendant told Johnson that he had taken Mahone back to the motel. He testified that he had done so, but that she had asked him to stop on a side street where they were attacked and she was shot. Defendant claimed that he had escaped, returned to his car, and returned to the hotel.

---

[1] The jury was unable to reach a verdict, and the trial court declared a mistrial, on charges of first-degree murder, MCL 750.316(1)(a), and mutilation of a dead body, MCL 750.160.

-1-

Defendant's movements that evening were tracked on various surveillance cameras. His vehicle, a white SUV, was recorded by a home surveillance system as it drove up and parked on a street in residential area. The camera also recorded the sound of a gunshot, followed by defendant's vehicle leaving the area a few minutes later. Mahone's body was found later that morning near that location. The police found a trail of blood leading to the body from the area where the SUV had briefly parked.

Police apprehended defendant 11 days later while he was driving the same SUV. As defendant was getting out of the vehicle, an officer noticed a handgun magazine lodged between the driver's seat and the center console. The officer recovered a loaded Ruger semiautomatic pistol from that location. Defendant testified at trial that he knew the gun was in the car, and that he was trying to determine who had left the gun in his car, so that he could return it. He admitted that he was a felon who was not permitted to possess a firearm.

Defendant was convicted and sentenced as described. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence at trial was insufficient to prove that he possessed the firearm recovered from his SUV. We disagree. We review de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010).

Due process requires that evidence of every element of a crime be proved beyond a reasonable doubt in order to sustain a criminal conviction. *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979), citing *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). To determine if the prosecutor produced evidence sufficient to support a conviction, we consider the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002). We consider direct and circumstantial evidence, as well as all reasonable inferences that may be drawn from the evidence, to determine whether the evidence was sufficient to sustain the conviction. *Id*.

The elements of felon-in-possession are: "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored." *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016), citing *People v Perkins*, 473 Mich 626, 629; 703 NW2d 448 (2005). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Bass*, 317 Mich App at 268-269, citing *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). At trial, the parties stipulated that defendant had been previously convicted of a felony and that his right to possess a firearm had not been restored. The only issue disputed with respect to both charges was whether he had "possessed" the firearm.[2]

---

[2] A conviction for felon-in-possession may serve as the predicate felony for a conviction for felony-firearm. See *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003).

Defendant argues that there was no evidence that he possessed a firearm because the gun was merely present in his vehicle when he was pulled over by the police, and that he did not know how it got into his vehicle. Possession of a firearm includes actual or constructive possession. *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). While the mere presence of a firearm does not suffice for constructive possession, constructive possession may be found when the defendant is in proximity to the firearm with an "indicia of control," *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989), or when the "location of the weapon is known" to the defendant and "it is reasonably accessible" to him, *id*. at 471; see also *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000).

In this case, defendant was driving the vehicle and the weapon was lodged between his seat and the center console. Therefore, even though the gun was not on his person, it was in the immediate proximity of defendant and was reasonably accessible. *Id*. Defendant testified that he was aware that the gun was lodged between his seat and the center console, and admitted that he had access to the gun because he could have pulled it from between the seat and center console at any time. Defendant's own testimony demonstrated beyond a reasonable doubt that he at least constructively possessed the firearm because he knew the firearm's location and could access it. A rational jury could find that defendant possessed the firearm recovered from his vehicle, and the evidence therefore was sufficient to sustain his convictions. *Hardiman*, 466 Mich at 429.

## III. SENTENCING

Defendant also argues that his sentence for felon-in-possession was unreasonable and disproportionate.[3] We disagree.

The sentencing guidelines established that the minimum sentence range for defendant's felon-in-possession conviction was 5 to 34 months. Defendant does not dispute the accuracy of this range, or argue that the trial court's sentence fell outside this range. Rather, defendant argues that the presence of mitigating factors rendered the trial court's sentence disproportionate. However, a sentence within the guidelines range is presumed proportionate. *People v Lyons*, 222 Mich App 319, 324; 564 NW2d 114 (1997); *People v Albert*, 207 Mich App 73, 75; 523 NW2d 825 (1994). This Court is precluded from reviewing a sentence when "the sentence is within the appropriate guidelines sentence range" unless "there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." MCL 769.34(10). See *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). Defendant does not allege that the trial court relied on a scoring error or inaccurate information in determining defendant's sentence. Accordingly, we decline to review the sentence for proportionality.

Defendant also argues that his sentence violated the prohibition against cruel and unusual punishment found in the United States Constitution, see US Const, Am VIII, and the similar prohibition against cruel or unusual punishment found in the Michigan Constitution, see Const

---

[3] Defendant does not challenge the statutorily-mandated 5-year sentence for the second offense felony-firearm conviction. See MCL 750.227b(b).

1963, art 1, § 16. "In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011), citing *People v Poole*, 218 Mich App 702, 715; 555 NW2d 485 (1996). Defendant maintains that his minimum sentence of 34 months was punitive and "outrageously unfair" considering that it was to be served consecutively to his five-year felony-firearm sentence, that he was only 38 years old, and that his crime consisted only of having a gun in his vehicle. Again, a sentence within the guidelines range is presumptively proportionate, *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987). A proportionate sentence is not cruel or unusual punishment. *People v Drohan*, 264 Mich App 77, 92; 689 NW2d 750 (2004); *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). We therefore reject defendant's constitutional challenge to his felon-in-possession sentence.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Mark T. Boonstra