*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 9, 2022

v

MICHAEL JAMES ANDREWS,

        Defendant-Appellant.

No. 354960
Isabella Circuit Court
LC No. 2019-001063-FH

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant pleaded no contest to first-degree home invasion, MCL 750.110a(2), and larceny of a firearm, MCL 750.357b. The trial court sentenced defendant to 8 to 20 years' imprisonment for first-degree home invasion and 3 to 5 years' imprisonment for larceny of a firearm. Defendant appeals as on leave granted, following a remand by the Supreme Court.[1] We affirm.

Defendant broke into the victims' home in September 2019. Defendant had been allowed to sleep at the victims' residence a few nights a week when invited by their son. However, defendant was not allowed to enter their home without permission. Defendant knew that the family would be out of town from September 15, 2019, through September 16, 2019. Defendant entered the residence without permission, removed 12 guns from the home, and drove away with the family's car, which he subsequently returned. Defendant sold the guns for money. Defendant pleaded no contest to charges of first-degree home invasion and larceny of a firearm in exchange for dismissal of other charges by the prosecution.

Defendant argues that the trial court improperly scored offense variable (OV) 4. Specifically, defendant contends that the record lacks sufficient evidence showing psychological harm to the victim because of his conduct. We disagree.

---

[1] *People v Andrews*, 508 Mich 943; 964 NW2d 374 (2021).

"Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "The trial court's findings are clearly erroneous if, after we have reviewed the entire record, we are definitely and firmly convinced that it made a mistake." *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014). " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008).

OV 4 addresses a victim's psychological injury. MCL 777.34(1). Ten points are assessed for OV 4 when "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). MCL 777.34(2) clarifies that 10 points are assessed "if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *Armstrong*, 305 Mich App at 247.

"[A] sentencing court is afforded broad discretion in the sources and types of information to be considered when imposing a sentence[.]" *People v Albert*, 207 Mich App 73, 74; 523 NW2d 825 (1994). Moreover, "[w]hen calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a [presentence investigation report (PSIR)], plea admissions, and testimony presented at a preliminary examination." *McChester*, 310 Mich App at 358.

Defendant's argument that the record fails to support an assessment of 10 points under OV 4 lacks merit. The trial court properly considered the victim-impact statement submitted with the PSIR when scoring OV 4.[2] The victim-impact statement demonstrated that the victims suffered serious psychological injuries. After defendant broke into their home and stole their property, the victims experienced psychological effects such as lack of sleep and feelings of being hurt, unsafe, and violated. In the victim-impact statement, the victims expressed that they suffered from lack of sleep because of stress caused by the feeling of uncertainty whether defendant would return or use the weapons stolen against them, that they felt violated, and that defendant had destroyed the safe feeling of their home. Although the victims did not state that they intended to pursue counseling, actual treatment or an intent to seek treatment is not required for scoring OV 4. Accordingly, these statements sufficiently supported scoring OV 4 at 10 points.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[2] Although defendant asserts that no victim-impact statement was submitted, the record reflects that the parties and trial court discussed the victim-impact statement on the record at the sentencing hearing.