*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ODIES ARDAY MURRAY,

        Defendant-Appellant.

UNPUBLISHED
April 22, 2025
10:52 AM

No. 367022
Kalamazoo Circuit Court
LC No. 2007-001517-FC

Before: GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

In June 2008, a jury convicted defendant of two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b; one count of assault with intent to murder (AWIM), MCL 750.83; and one count of first-degree murder, MCL 750.316. Relevant to this appeal, the trial court sentenced defendant to life imprisonment without the possibility of parole (LWOP) for the first-degree murder conviction. Defendant appealed by right, and a panel of this Court affirmed his convictions and sentences. *People v Murray*, unpublished per curiam opinion of the Court of Appeals, issued December 29, 2009 (Docket No. 286577). In 2012 and 2016, the United States Supreme Court issued its decisions in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016), respectively. Following a *Miller* hearing, the trial court resentenced defendant to 40 to 60 years' imprisonment for first-degree murder. We affirm.

## I. FACTUAL BACKGROUND

The following facts are adopted from the previous opinion of this Court:

> Defendant's convictions arise from the August 27, 2007 shooting that killed Tyres Sykes and left Walter Rivera in a vegetative state. The victims were shot after Martell Ballard and Sykes got the better of defendant during a series of altercations. After Sykes and others started laughing at defendant and making fun of him for being beaten in the altercations, defendant threatened the men and left the scene. Later, Ballard saw a man matching defendant's description cutting through the back yard and heading toward the front of a house where the other men

-1-

were "hanging out." Ballard did not see the man's face because he was wearing a black "hoodie." However, the man was wearing the same black shorts and shoes that defendant was wearing earlier, and he was the same height and had the same build as defendant. The man did not say anything. He walked directly to Sykes, pulled out a large handgun and shot Sykes in the jaw. He also shot Rivera, who suffered wounds to his back and neck.

A few months later, Jeremy Anderson was apprehended by police following a traffic stop, during which the murder weapon was discovered underneath Anderson's seat. Anderson testified at trial that, a couple of days after the shooting, defendant asked him to hold the gun; later, defendant told Anderson that he used the gun to shoot Sykes and Walter, remarking that he shot Sykes in the mouth so that Sykes could not talk any more and that he shot Rivera because he did not like him. [*Murray*, unpub op at 1.]

Defendant was 17 years old when he committed the aforementioned offenses. He was originally sentenced to LWOP for his first-degree murder conviction. Several judicial and legislative actions affecting juvenile LWOP sentences have occurred since that time. In June 2012, the United States Supreme Court issued its decision in *Miller*, 567 US at 470, holding that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." See US Const, Am VIII. In March 2014, the Michigan Legislature enacted MCL 769.25a(2), which provides, in relevant part,

If the state supreme court or the United States supreme court finds that the decision of the United States supreme court in *Miller* . . . applies retroactively to all defendants who were under the age of 18 at the time of their crimes, and that decision is final for appellate purposes, the determination of whether a sentence of imprisonment for a violation set forth in section 25(2) of this chapter shall be imprisonment for life without parole eligibility or a term of years as set forth in section 25(9) of this chapter shall be made by the sentencing judge or his or her successor as provided in this section.

In January 2016, the Court issued its decision in *Montgomery*, 577 US at 206, holding that "*Miller*'s prohibition on mandatory life without parole for juvenile offenders" was "a substantive rule that is retroactive in cases on collateral review." Finally, in July 2022, the Michigan Supreme Court issued its ruling in *People v Taylor*, 510 Mich 112, 129; 987 NW2d 132 (2022), holding that a rebuttable presumption exists against sentencing juveniles to LWOP, and that the prosecution bears the burden to overcome this presumption by clear and convincing evidence. The *Taylor* Court additionally articulated that the *Miller* factors are not to be used as aggravators, and that if a particular *Miller* factor does not militate against ordering LWOP, that factor will be considered neutral. *Id*. at 139 n 25. Further, the *Taylor* Court opined that even if the prosecutor rebuts the presumption, the trial court is not obligated to sentence a defendant to LWOP. *Id*. at 136 n 22.

In November 2022, the trial court held a *Miller* hearing and concluded that "a sentence to a term of years is the appropriate action in this case." Defendant's resentencing occurred the following month. At the hearing, the trial court noted, over the prosecution's objection, that it was

only addressing defendant's first-degree murder conviction pursuant to *Miller* and its progeny, and declined to address defendant's other convictions. The prosecutor then asked the trial court if it would allow Walter Rivera's mother to address the court, even though the court was only addressing the first-degree murder conviction, not the AWIM conviction defendant earned as a result of seriously injuring Rivera.[1] The trial court granted the request, and defense counsel did not object. The prosecutor then read into the record an impact statement from Rivera's mother. The trial court concluded the hearing by resentencing defendant to 40 to 60 years in prison for his first-degree murder conviction and leaving the sentences for defendant's other convictions in place (aside from adjusting the credits for time served). This appeal followed.

## II. ANALYSIS

### A. VICTIM IMPACT STATEMENTS

Defendant argues that the trial court erred by allowing a victim-impact statement from Rivera's mother to be presented at the resentencing hearing because Rivera was not the victim of first-degree murder, which was the only conviction addressed by the trial court at the resentencing hearing. Defendant also argues that similar statements from Rivera's mother must be stricken from his presentence investigation report (PSIR) for that same reason. And, in his Standard 4 brief, defendant further argues that, because the accuracy of Rivera's mother's impact statement had not been adequately verified, it should not have been presented at his resentencing. We disagree.

We review a trial court's factual determinations at sentencing for clear error, and its legal determinations de novo. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (quotation marks and citation omitted). A trial court's determination that a PSIR is accurate is reviewed for an abuse of discretion. *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). "A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id*.

Defendant contends that Rivera's mother's impact statement could not be presented at his resentencing hearing because it fell outside the purview of MCL 780.765, which provides, in relevant part:

> The victim has the right to appear and make an oral impact statement at the sentencing of the defendant. If the victim is physically or emotionally unable to make the oral impact statement, the victim may designate any other person 18 years of age or older who is neither the defendant nor incarcerated to make the statement on the victim's behalf. The other person need not be an attorney. The victim may elect to remotely provide the oral impact statement under this section. [MCL 780.765(1).]

---

[1] Rivera passed away three years after the shooting that left him in a vegetative state.

"[T]he right is not limited exclusively to the defendant's direct victims, but may also include others, such as family members." *People v Lampe*, 327 Mich App 104, 123; 933 NW2d 314 (2019) (quotation marks and citation omitted; alteration in original). Indeed, "a sentencing court is afforded broad discretion in the sources and types of information to be considered when imposing a sentence[.]" *People v Albert*, 207 Mich App 73, 74; 523 NW2d 825 (1994).

Defendant does not dispute that, under MCL 780.765, the parent of a victim has the right to present an impact statement under certain circumstances. MCL 780.752(1)(m)(*i*) defines "victim" as any "individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime[.]" If the victim is deceased, which is the case here, a parent of the deceased victim also falls within the definition. MCL 780.752(1)(m)(*ii*)(C). Furthermore, if the victim is deceased, the Legislature has specifically provided that the parent may submit or make an impact statement at sentencing. MCL 780.752(1)(m)(*v*)(C).

Defendant, however, maintains that, because his resentencing pertained only to his first-degree murder conviction for the killing of Sykes, Rivera—and by extension, his mother—could not be considered a "victim" for purposes of the resentencing within the meaning of MCL 780.765. But even if this is so, it at most establishes that the statute did not provide Rivera's mother with a "right" to have her statement presented. MCL 780.765(1). As noted, courts enjoy "broad discretion in the sources and types of information to be considered when imposing a sentence," *Albert*, 207 Mich App at 74, and defendant has failed to demonstrate that the court, under the particular circumstances presented by this case, was prohibited—by MCL 780.765 or otherwise—from allowing the presentation of Rivera's mother's statement or that it acted outside its discretion in doing so. Defendant has not shown error on this basis.

Defendant also argues that Rivera's mother's impact statement was not verified for accuracy and, therefore, should not have been presented at his resentencing hearing. Defendant, however, has offered nothing to substantiate his suggestion that the impact statement was inaccurate, nor has he offered any legal support for the notion that the statement required the further verification he claims. Furthermore, as this this Court had recognized, "the sentencing standards for ensuring that the goals of sentencing are met, along with the court's knowledge that victim impact statements are the subjective opinions of victims, are sufficient protections to ensure that a defendant is not sentenced in response to emotional pleas." *People v Maben (On Remand)*, 313 Mich App 545, 555; 884 NW2d 314 (2015). Here too, defendant has failed to show that the trial court erred by admitting Rivera's mother's impact statement. See *Hardy*, 494 Mich at 438.

Finally, defendant argues that Rivera's mother's statements in the PSIR regarding defendant's resentencing must be removed because they violate his right to be sentenced on the basis of accurate information. See *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006) ("A defendant is entitled to be sentenced by a trial court on the basis of accurate information."). This argument is unpersuasive. To start, it is largely premised on the same argument discussed above regarding Rivera's mother's status as a victim, but as discussed, defendant has failed to show that the court erred on that basis. Nor has defendant otherwise demonstrated an entitlement to have her statements stricken from his PSIR. While defendant's ultimate resentencing hearing focused on what the appropriate term-of-years sentence for his first-degree murder conviction would be, the PSIR itself is not so limited, but instead contains information regarding all of his convictions and sentences for the shooting of Sykes and Rivera. And, to the extent defendant takes

issue with the content of Rivera's mother's statements, "a trial court is not required to strike a victim's subjective statements about the impact of a defendant's crime merely because a defendant disputes those statements." *Maben (On Remand)*, 313 Mich App at 555. Furthermore, "[a]lthough victim impact statements are subjective and often disputed by defendants, this does not necessitate exclusion of the statements from the PSIR." *Lampe*, 327 Mich App at 123-124. And a defendant's PSIR "may include information about a defendant that was not admissible nor admitted at defendant's trial or plea including hearsay, character evidence, prior convictions or alleged criminal activity for which defendant was not charged or convicted, and the victims' version of the offense." *People v Fleming*, 428 Mich 408, 418; 410 NW2d 266 (1987). As above, defendant has failed to demonstrate how, under the applicable law and the particular circumstances presented by this case, the court erred by failing to have this information removed from his PSIR.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that defense counsel's failure to object to the admission of Rivera's mother's impact statement, and to the information in the PSIR, violated his right to the effective assistance of counsel. Defendant also argues that this right was violated by counsel's failure to contact Sykes's grandmother and ask her to speak on defendant's behalf at his resentencing. We disagree.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law. A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). A defendant who seeks to establish a claim of ineffective assistance of counsel "must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Counsel is presumed to be effective, and defendant bears the burden of proving otherwise. *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021). The defendant likewise bears the burden to establish the factual predicate for the claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

As earlier discussed, defendant has failed to show that Rivera's mother's impact statement was improperly admitted at the resentencing hearing, or that her statements in defendant's PSIR were required to be removed. "Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel." *Isrow*, 339 Mich at 532. Because defense counsel's performance did not fall below an objective standard of reasonableness, defendant cannot establish this necessary element of his claim. See *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011). Without a showing of deficient performance, we need not address whether defendant was prejudiced by defense counsel's actions, and thus decline to do so here.

As to Sykes's grandmother, defendant's claim is based on a statement in his PSIR indicating that an agent had spoken with the grandmother and she had expressed that "[s]he was somewhat conflicted in regard to what she would like to see happen as a result of a resentencing in this matter," that "she is not opposed to [defendant] getting a reduction at resentencing to a specific number of years," and she "would be willing to speak at sentencing if needed on behalf of [d]efendant." As noted, however, by the time of the resentencing hearing at issue, the trial court

had already determined that a term-of-years sentence for defendant would be appropriate, which is what Sykes's grandmother had expressed she would support and what defendant ultimately received. Furthermore, at resentencing, the court had this statement before it in the PSIR. It is thus unclear, and defendant has failed to explain, what the presentation of Sykes's grandmother at the resentencing hearing would have added. Defendant has failed to carry his burden of demonstrating that counsel performed deficiently in this regard, or that he was prejudiced by any such deficiency. See *Trakhtenberg*, 493 Mich at 51; *Isrow*, 339 Mich App at 531.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani